IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____        :
                                   :
UNITED STATES OF AMERICA           :
                                   :
         v.                        :   Criminal Case No. 12-049-RJL
                                   :                &
WILLIAM SCOTT                      :   Criminal Case No. 05-122-RJL
                                   :
         Defendant                 :
_____        :

**MOTION TO TERMINATE SUPERVISED PROBATION AFTER
COMPLETION OF TWO YEARS OF SUPERVISION
PURSUANT TO TITLE 18 U.S.C. S 3583(e)(1)**

NOW COMES Defendant William Scott ("Mr. Scott"), through undersigned counsel, and files this Motion to Terminate Supervised Probation, pursuant to 18 U.S.C. § 3583(e)(1). For good cause shown, Mr. Scott requests early termination of his probation as follows.

This Court enjoys "broad discretion" when, after "taking into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence," it discharges a defendant's supervised release. See *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). "These [factors] are largely the same considerations the court must assess when imposing the original sentence." *Id.* "Claims of injustice or unfairness may be properly evaluated-- as one factor among many-- under the broad and general directive of § 3583(e)(1)." *Jeanes* at 484-485. However, the court must be "satisfied that such action is warranted by the conduct of the defendant and in the interest of justice." *Id.*

18 U.S.C. § 3583(e)(1) states that: "The court may, after considering the factors set forth in section (a)(1), (a)(2)(B), (a) (2)(C), (a)(4), (a)(5), and (a)(6), terminate a term of supervised release and discharge the person released at any time after the expiration of one year of

1

supervised release … if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice."

As the Supreme Court has noted, § 3583(e)(1) is the unequivocal provision for ending the term of supervised release without the possibility of its re-imposition or continuation. Congress has stated that when a court finds that a defendant's conduct and the interest of justice warrant it, the court may "terminate a term of supervised release and discharge the person released," once at least a year of release time has been served. *Johnson v. United States*, 529 U.S. 694, (2000).

Mr. Scott respectfully asks this court to terminate his supervised release term for his "conduct" while on supervised release and in the "interest of justice", for the following reasons.

Mr. Scott is an Antiguan citizen who has resided in St. Martin since 1994.[1] He returned to the U.S. in September 2012 where he entered his guilty plea in both cases herein (Case No. 12-049 and Case No. 05-122), and was sentenced by this Court on January 11, 2013 to a period of three years of supervised probation to run concurrently in both case.

Mr. Scott has shown exemplary post-conviction adjustment and conduct in his supervision responsibilities. He has fully complied with the court's express terms of supervision, including serving six months of home detention with electronic monitoring which he completed without incident, complying with the curfew imposed by the Court, providing full financial disclosure to the Probation Office, complying with all financial restrictions imposed by the Probation Office, and fully paying the fines imposed in both cases totaling $500,000, along with all interest and fees due by August 12, 2013.[2]

---

[1] Mr. Scott renounced his U.S. citizenship in 2004, and was allowed to return to the U.S. to face the underlying criminal charges by the issuance of a special "parole" visa to enter the U.S. by the Homeland Security Department.
[2] See Docket Report Entry No. 38 in Case No. 12-049, and Docket Report Entry No. 44 in Case No. 05-122.

Mr. Scott has also abstained from any drug use, abstained from excessive alcohol use, fully obeyed all laws, and has diligently complied with the requirements of the Probation Department.

When evaluating his offense conduct, criminal history, and potential for further crimes, Mr. Scott believes this Court can find that his further and continued supervision is not required because he meets the criteria, as suggested by the U.S. Administrative Office of the Courts, for early termination, which include: "law-abiding behavior, full compliance with the conditions of supervision, and a responsible, productive lifestyle." See Publication 109, p.37 (1993), U.S. Administrative Office of Courts. See also, Publication 109, Chapter III, p.19-21 (2007 Revision). Mr. Scott meets all of the following suggested criteria from Publication 109 (p.20):

1. Stable community reintegration;

2. Progressive strides toward supervision objectives and in compliance with all condition supervision;

3. No aggravated role in the offense of conviction, particularly drug or fraud offenses;

4. No history of violence;

5. No recent arrests or convictions or ongoing, uninterrupted patterns of criminal conduct;

6. No recent evidence of alcohol or drug abuse;

7. No recent psychiatric episodes;

8. No identifiable risk to the safety of any identifiable victim; and

9. No identifiable risk to public safety based on the Risk Prediction Index.

Once Mr. Scott leaves the U.S., he is in essence "self-deporting" himself and the Judgment actually has a section which specifically relates to "deportation".[3] It provides that in

---

[3] On Page 3 captioned "Special Conditions of Supervision".

case Mr. Scott is deported during the term of his supervised probation, he needs to report to the Probation Office upon his return to the U.S. if the supervised probation period is still in place.

Mr. Scott departed for St. Martin on May 28, 2014 for good, in essence self-deporting himself. Prior to leaving the U.S., he contacted his probation officer and informed them that he was leaving and updated his personal information. The Probation Office did not object.

Given the fact that Mr. Scott is no longer living in the U.S. and has an expired parole visa, it would be highly unlikely that he will be able to obtain a visa to return to the U.S. based upon his convictions of the underlying felonies in these two cases. Accordingly, since Mr. Scott is currently residing outside the U.S. during the remaining term of his supervised probation term (and thereafter presumably indefinitely), it makes no logical, economic, or legal sense for his remaining probation term to continue. (The Probation Office would not be able to supervise him anyway, and the Judgment contains to restrictions on his return to St. Martin AFTER he completes his initial six months of home detention.) As such, there is good cause to terminate the remaining term of his supervised probation.

WHEREFORE for the premises considered, Mr. Scott respectfully asks this Court to terminate his supervised release term in Case No. 12-049 and in Case No. 05-122 for the aforementioned reasons.

RESPECTFULLY SUBMITTED,

/s/ Juan Chardiet
Juan Chardiet, Esq. (DC Bar 399250)
Attorney at Law
6665-A Old Dominion Drive
McLean, VA 22101
T) 703-622-7955
E) juanchar@verizon.net

Attorney for Defendant William Scott

## **Certificate of Service**

The undersigned hereby certifies that the foregoing document was filed through the Electronic Court Filing systems on this 18th day of February, 2015, and will be sent electronically to the listed attorneys for the Government who are registered participants of the CM/ECF system: U.S. DEPARTMENT OF JUSTICE, 1400 New York Avenue, NW, 10th Floor, Washington, DC 20005.

/s/Juan Chardiet_____
Juan Chardiet, Esq.